(173 App. Div. 135)

MANHEIMER v. KUHN.

(Supreme Court, Appellate Division, First Department.   June 2, 1916.)

1. REFORMATION OF INSTRUMENTS ⚖️16—MUTUAL MISTAKE—MISTAKE AND FRAUD.

 Where it was the agreement of lessor and lessee of an apartment that the lessor should furnish steam heat and hot water, but by mutual mistake, or mistake of the lessee and fraud of the lessor, such provision was not inserted in the written lease, the lessee was entitled to have it reformed in equity.

 [Ed. Note.—For other cases, see Reformation of Instruments, Cent. Dig. § 68;  Dec. Dig. ⚖️16.]

2. ACTION ⚖️45(1)—JOINDER OF CAUSES OF ACTION.

 In suit by a lessee for reformation of his lease to include the lessor's agreement to furnish steam heat and hot water, the lessee can join causes of action for the reformation and for damages from an eviction caused by the premises being uninhabitable on account of the lessor's failure to furnish heat and water.

 [Ed. Note.—For other cases, see Action, Cent. Dig. §§ 378–383, 385–402: Dec. Dig. ⚖️45(1).]

Appeal from Special Term, New York County.

Action by Wallace A. Manheimer against William Kuhn.  From orders, one denying plaintiff's, and one granting defendant's, motion for judgment on the pleadings, plaintiff appeals.  Orders reversed, plaintiff's motion granted, and defendant's motion denied, with leave to him to withdraw his demurrer and interpose an answer.

Argued before CLARKE, P. J., and McLAUGHLIN, LAUGHLIN, SCOTT, and DOWLING, JJ.

Isidor Unger, of New York City, for appellant.
Thomas F. Kane, of New York City, for respondent.

McLAUGHLIN, J.   This action was brought to reform a written lease of real estate and for damages alleged to have been sustained by defendant by reason of eviction.  The defendant demurred to the complaint upon two grounds: (1) That it did not state facts sufficient to constitute a cause of action; and (2) that two causes of action were improperly united—one to reform a written instrument, and the other for damages.  After the demurrer was interposed, both parties moved for judgment on the pleadings.  The plaintiff's motion was denied, defendant's granted, and the demurrer sustained.  Separate orders were entered, from which plaintiff appeals.

The complaint alleges, among other things, that in August, 1915, the plaintiff agreed to hire from the defendant, and the defendant agreed to lease to the plaintiff, for a term of two years from the 1st day of October, 1915, at the monthly rental of $57.50, certain rooms in an apartment house in the city of New York; that under the agreement it was understood by both parties that during the occupancy of the premises by the plaintiff the defendant would furnish sufficient steam heat and hot water to make them in all respects tenantable, and that the plaintiff should have the right to sublet two rooms if he so desired;

⚖️For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

that this agreement was reduced to writing, but by mutual mistake of the parties, or by reason of the mistake of the plaintiff and the fraud of the defendant, the writing did not express the true agreement, in that there was no provision therein to the effect that steam heat and hot water were to be furnished by defendant; that the plaintiff, after execution of the lease, went into possession of the demised premises; that during the months of October and November defendant, with the intention and for the purpose of depriving plaintiff of the beneficial use and enjoyment of the premises leased, neglected and refused to furnish sufficient steam heat and hot water, and during the latter part of November willfully and maliciously failed to furnish any hot water or steam whatever; that by reason of that fact the premises became untenantable; that on the 1st of December, 1915, plaintiff by reason thereof was forced to and did abandon possession of the same, and was compelled to remove therefrom; that by reason of the acts of the defendant the plaintiff and members of his family were rendered ill, and he incurred expense and was damaged in the sum of $5,000. The judgment demanded is that the lease be reformed, so as to express the true agreement of the parties regarding steam heat and hot water, and that recovery be had for the damages sustained.

[1] I am of the opinion that the complaint states a cause of action. There is an allegation to the effect that the rooms leased were not tenantable unless supplied with steam heat and hot water. This the landlord agreed to furnish, but by mutual mistake of the parties, or by a mistake of the plaintiff and fraud on the part of the defendant, such a provision was not inserted in the written lease. Obviously, if this were the agreement, then the plaintiff is entitled to have it reformed in this respect. When parties have agreed upon the terms of a contract, and the same is to be put in writing, if the writing, by reason of a mutual mistake, or the mistake of one and the fraud of the other, does not contain all of the terms agreed upon, then either party is entitled to apply to a court of equity to have the omitted terms inserted therein, to the end that the party asking such relief may obtain the full benefit of his contract.

[2] Nor are two causes of action improperly united. If it be true that the plaintiff, through the neglect and default of the defendant, has been damaged as alleged, then he is entitled to be placed in a position where, by a reformation of the lease, he can recover the damages sustained.

The orders appealed from, therefore, are reversed, with $10 costs and disbursements, plaintiff's motion granted, and defendant's denied, with $10 costs, with leave to the defendant to withdraw his demurrer and interpose an answer, on payment of such costs. All concur.